**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ASHRAF FADY GABER MELEK,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02992-SHL-atc |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Ashraf Fady Gaber Melek's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed August 4, 2026. (ECF No. 1.) Petitioner is a citizen of Egypt who challenges his continued immigration-related detention as violative of his Fifth Amendment due process rights. (Id. at PageID 2–3.) Respondent responded in opposition on August 18. (ECF No. 8.) Petitioner replied on August 21. (ECF No. 9.)

Respondent contends that, because Petitioner was previously given an asylum-related credible fear interview and processed in expedited removal proceedings, he remains subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). (ECF No. 8 at PageID 34.) Petitioner disagrees and asserts that his detention is governed by 8 U.S.C. § 1226, particularly because he has remained at liberty in the interior United States since 2024 and is not presently subject to expedited removal. (ECF No. 9 at PageID 56.) Because there is no indication that Petitioner is presently in expedited-removal proceedings, his immigration detention is governed by 8 U.S.C. § 1226 and the Sixth Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), and the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Egypt who entered the United States in September 2023. (ECF No. 1 at PageID 3.) He was placed under an expedited removal order, but it was vacated after he established a credible fear, and he was placed in full immigration proceedings for further consideration of his asylum claim. (Id. at PageID 3; ECF No. 8 at PageID 31.) After he missed a deadline to file applications for relief, an immigration judge entered an order finding that Petitioner had "abandoned his claims for relief" due to the missed deadline. (ECF No. 9 at PageID 52.) Petitioner moved to reconsider and reopen proceedings. (ECF No. 8 at PageID 31; ECF No. 9 at PageID 52.) Although Respondent characterizes the immigration judge as having "ordered Petitioner removed" after missing the deadline, it does not appear that Petitioner has a final removal order. (ECF No. 8 at PageID 31; ECF No. 9 at PageID 51–52.) At the time of his Habeas Petition filing on August 4, Petitioner was being held at the West Tennessee Detention Facility, but he was apparently transferred to Natchez, Mississippi before entry of the August 13 Order Staying Transfer and Requiring Response. (ECF No. 5; ECF No. 9 at PageID 60.) He requests prompt release from Respondent's custody, following his transfer back to the Western District of Tennessee. (ECF No. 9 at PageID 63.)

## ANALYSIS

Petitioner challenges his detention and seeks immediate release from Respondent's custody. (ECF No. 9 at PageID 64.) He argues that Respondent unlawfully purports to detain him under 8 U.S.C. § 1225, and that he has been denied a bond hearing in violation of his due process right to such a hearing under 8 U.S.C. § 1226. (ECF No. 1 at PageID 5; ECF No. 9 at PageID 56.)

First, Respondent argues that the Court "should require Petitioner to exhaust

administrative remedies." (ECF No. 8 at PageID 31.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Second, Respondent seeks to distinguish this case from Lopez-Campos, 175 F.4th 713 (6th Cir. 2026). (ECF No. 8.) According to Respondent, "this case is not covered by" Lopez-Campos because Petitioner was initially placed in expedited removal proceedings upon entering the United States in 2024, "received a negative [credible] fear determination, that was later vacated by an immigration judge, who determined that Petitioner was possibly eligible for asylum," and thereafter, he was placed in full immigration proceedings to consider his asylum claim. (Id. at PageID 30–32.) According to Respondent, 8 U.S.C. § 1225(b)(1)(A)(ii)'s mandatory detention scheme applies to "aliens [who] were subject to expedited removal proceedings, but were also found by an asylum officer to have a credible fear of persecution in their home country and placed into full proceedings before the Immigration Court, such as Petitioner." (Id. at PageID 34.)

Here, none of Respondent's arguments change the fact that Petitioner was released, and has remained an interior resident of the United States since 2024. Not only did ICE release him,

but his expedited-removal proceedings were vacated. It does not appear that Petitioner is in expedited removal proceedings. "That fact alone undermines" Respondent's "argument that § 1225(b)(1) is the proper statutory provision for reviewing the petition." See Khogiani v. Raycraft, No. 25-cv-13744, 2025 U.S. Dist. LEXIS 266592, at *8 (E.D. Mich. Dec. 29, 2025). Respondent's argument did not hold water before Lopez-Campos, see id., and it does not hold water now. See also Vettah v. Raycraft, No. 26-cv-1735, 2026 U.S. Dist. LEXIS 148775, at *5–7 (W.D. Mich. July 6, 2026) (collecting cases) (noting that mandatory detention under § 1225(b)(1)(B)(ii) is not justified if a noncitizen is not presently in expedited removal proceedings).

Given that § 1226(a) applies, Petitioner has a liberty interest to be free from detention. Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without providing a bond hearing in accordance with § 1226(a) violated that liberty interest. Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a)."). Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner.. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) or § 1225(b)(1)(A)(ii), unless detention pending expedited-removal

proceedings becomes applicable. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 5th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE